# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAYCO FUNDING CORPORATION, A
CALIFORNIA CORPORATION,
Appellant/Cross-Respondent,
vs.
ISAAC NORMAN, AN INDIVIDUAL
Respondent.
and
MICHAEL J. MONA, JR. AND RHONDA
H. MONA AS TRUSTEES OF THE
MONA FAMILY TRUST; AND
MICHAEL J. MONA, JR., AN
INDIVIDUAL,
Respondents/Cross-Appellants,

No. 81971

**FILED**

MAY 25 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from final judgment following remand in a contract matter. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Dayco Funding Corporation (Dayco) sued respondents, who were various borrowers and guarantors to a loan agreement with Dayco.[1] The district court conducted a bench trial and Dayco appealed the judgment. This court affirmed in part, reversed in part, and remanded with instructions to the district court to determine (1) whether the guaranty was a sham and therefore unenforceable, and (2) which borrowers received notice, including whether Dayco was aware of

---

[1]Respondents Michael J. Mona, Jr. and Rhonda H. Mona, Trustees of the Mona Family Trust, and Michael Mona, Jr., individually and in his capacity as Trustee of the Mona Family Trust are collectively referred to as the Mona Parties.

22-16623

different addresses for the borrowers. Following the remand, the district court determined that (1) respondent Isaac Norman should be released from his liability as a guarantor because of deficient notice; (2) the guaranty was not a sham guaranty under California law and was therefore enforceable; and (3) all other borrowers and guarantors received appropriate notice and were therefore liable. The district court entered a judgment against the Mona Parties and awarded Dayco attorney fees and costs. Dayco again appealed. We affirm the district court's judgment in part, reverse in part, and remand.

*The guaranty was not a sham and guarantors are not entitled to notice*

Previously, in the original appeal from final judgment in this case, this court, in Docket No. 70833, held that Nevada law allows for choice of law provisions in guaranties and the district court had correctly found that California law applied to the guaranty in this case. Thus, upon remand, the district court was to apply California law in evaluating whether the guaranty was a sham. Under California law, a guarantor is "one who promises to answer for the debt, default, or miscarriage of another." *Cal. Bank & Tr. v. Lawlor,* 166 Cal. Rptr. 3d 38, 43 (Ct. App. 2013) (emphasis omitted), *quoting* Cal. Civ. Code § 2787. A deficiency cannot be collected from a guarantor when the guaranty is a sham. *CADC/RADC Venture 2011-1 LLC v. Bradley,* 185 Cal. Rptr. 3d 684, 693 (Ct. App. 2015). To determine whether a guaranty is a sham, the court must examine whether "the guarantor is, in reality, the principal obligor under a different name by operation of trust or corporate law or some other applicable legal principle."[2] *LSREF2 Clover Prop. 4, LLC v. Festival Retail Fund I, LP,* 208 Cal. Rptr.

---

[2]While California law recognizes a second situation in which a sham guaranty occurs, the parties do not assert that situation is present here.

3d 200, 207 (Ct. App. 2016) (internal quotation marks omitted). "[S]ubstantial evidence must support a finding that [the guarantor] was the true principal obligor, and that [the lender] structured the loan transaction to circumvent the antideficiency law by casting [a party] as the guarantor instead of the borrower." *Id.* at 208 (footnote omitted). The sham guaranty defense will generally not apply if there is "adequate legal separation between the borrower and the guarantor." *Id.* at 207. The court's role is to determine if the lender designed the transaction so the primary source for repayment of the loan is the guarantor rather than the named borrower. *Id.*

The district court properly determined that the guaranty was not a sham guaranty under California law because there is not substantial evidence showing that the guarantors, the Mona Parties and/or Norman, were the principal obligors under the note and the guaranty. Neither the Mona Parties nor Norman presented arguments or evidence to meet their burden of proof that the guaranty is a sham. *See Lawlor*, 166 Cal. Rptr. 3d at 46-50 (rejecting defendants sham guaranty defense because they failed to present sufficient evidence to create a triable issue). Instead, the guarantors, the Mona Parties' and Norman's, personal liability arose solely from the guaranty. Dayco was not involved in forming the borrower entities, the Mona Trust, or the Norman Trust, let alone structuring the entities and loan transactions to circumvent California's antideficiency laws. Instead, the Mona Parties and Norman created the ownership structure and formed the borrower entities themselves.

Moreover, the guarantors, including Norman as an individual, were not entitled to notice of default. *See* Cal. Civ. Code § 2924b (Guarantors are not included as persons entitled to receive a notice of

default.). On remand, with regard to the guaranty, the district court was solely instructed to determine whether the instant guaranty was a sham guaranty. Therefore, we conclude the district court erred by considering notice in relation to the guaranty and releasing Norman from liability due to deficient notice.[3] *See State Eng'r v. Eureka Cty.*, 133 Nev. 557, 559, 402 P.3d 1249, 1251 (2017) (explaining that whether the district court has complied with this court's mandate on remand is a question of law, which this court reviews de novo). Pursuant to controlling statutory law, none of the guarantors could be released for lack or failure of notice.[4] Thus, we affirm the district court's conclusion that the guaranty was not a sham but reverse the district court's conclusion that Norman was not liable because he received insufficient notice.

*Notice was sufficient to the other borrowers*

We next address the Mona Parties' argument that notice was insufficient to the borrowers and conclude that argument lacks merit.[5] NRS

---

[3]To the extent the Mona Parties contend the district court failed to follow this court's remand instructions all together, we conclude that other than releasing Norman from liability, the district court complied with the remand instructions.

[4]Dayco correctly argues that releasing the Norman Family Limited Partnership (NFLP) from liability as a borrower due to deficient notice does not affect Norman's liability under the guaranty, as a guarantor. Under California rules, since Dayco is seeking liability from Norman through the guaranty in his individual capacity as a guarantor, he is not entitled to notice of the default.

[5]We conclude the Mona Parties waived their argument that the loan documents were voided because the original beneficiary of the guaranty did not register under NRS 645B.900, as they failed to raise this argument below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction

107.080 sets forth the required notices for a trustee's sale. A copy of the notice of default and election to sell must be mailed "to the person who holds the title of record on the date the notice of default and election to sell is recorded . . . at their respective addresses, if known." NRS 107.080(3). If three months have passed since the notice of default was recorded, notice was not sent to the person who holds the title of record, and the current title holder did not cure the deficiency, the pertinent notices must also be sent to the last known addresses of the trustor and any other person entitled to such notice. NRS 107.080(4)(a).

Substantial compliance requires an analysis of whether there was actual notice and a lack of prejudice. *Schleining v. Cap One, Inc.*, 130 Nev. 323, 330, 326 P.3d 4, 8 (2014). Substantial compliance is found when the title holder "had actual knowledge of the default and the pending foreclosure sale" and "was not prejudiced by the lack of statutory notice." *Id.* at 330, 326 P.3d at 9.

Here, the Mona Parties and other borrowers were properly mailed notice as required by NRS 107.080. The record below demonstrates that the last known address for the Mona Parties and other borrowers was the Comstock address. Notice was sent to the Comstock address and every other address that appeared in the property's chain of title, including the Las Vegas address. Thus, the district court did not err in determining that notice was sufficient as to all borrowers besides NFLP. Accordingly, we

---

of that court, is deemed to have been waived and will not be considered on appeal."). To the extent they suggest this is newly discovered evidence this court should consider under NRCP 59(a)(1)(d), we lack the ability to grant NRCP 59(a)(1)(d) relief.

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Paul M. Haire, Settlement Judge
Marquis Aurbach Coffing
Shea Larsen
Law Offices of John M. Netzorg
Eighth District Court Clerk